FILED

2014 Apr-30  PM 02:29
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### (SOUTHERN DIVISION)

| | |
|---|---|
| APRIL HARRIS,         ) | |
|        ) | |
|         Plaintiff,      ) | |
| v.                ) | Civil Action Number |
|        ) | |
| RELS REPORTING SERVICES, LLC,    ) | |
| KROLL FACTUAL DATA, INC.,      ) | _____ |
| CBCINNOVIS, INC.,            ) | |
| INNOVIS DATA SOLUTIONS, INC.,     ) | |
| LANDSAFE CREDIT, INC.,         ) | |
| CORELOGIC SAFE RENT, LLC and     ) | |
| CORELOGIC CREDCO, LLC,        ) | |
|        ) | |
|         Defendants.     ) | |

## COMPLAINT

COMES NOW the plaintiff, April Harris ("Plaintiff"), by and through her undersigned counsel, and alleges as follows, upon personal knowledge as to her and her own acts and experiences, and as to all other matters, upon information and belief, including investigation conducted by her attorney:

## PRELIMINARY STATEMENT

1.     This is an action for an actual, statutory and punitive damages, costs and attorneys' fees pursuant to 15 U.S.C. §1681, *et seq*. ("Fair Credit Reporting Act" or "FCRA").

2.     Congress, when it enacted the FCRA in 1970, mandated the existence and use of reasonable procedures to assure the maximum accuracy of the personal

and financial information compiled concerning consumers and sold to users by consumer reporting agencies ("CRAs").

3.      The purpose of the FCRA "is to require that the consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information . . . ." 15 U.S.C. § 1681(b). Further, the FCRA "prevents consumers from being unjustly damaged because of inaccurate or arbitrary information in a credit report." *Equifax, Inc. v. F.T.C.*, 678 F.2d 1014, 1048 (11th Cir. 1982).

4.      Mixed files are a serious problem in the credit reporting industry. Mixed files occur when information relating to one consumer is placed in the file of another consumer. When a mixed credit report is provided to a third party, the report falsely portrays the consumer because the report includes information which belongs to another consumer.

5.      Like identity theft, mixed files create a false description of a consumer's credit history.   Further, mixed files result in the disclosure of a consumer's most personal identifying and financial information absent the consumer's knowledge, consent, or permissible purpose.

6.     Mixed files also result in the debt collection harassment of innocent consumers because debt collectors use CRA databases to "skip trace" debtors and locate the alleged debtor's address and telephone number.

7.     Mixed files are not a new phenomenon.  Defendants have been on notice of the existence of mixed files for at least thirty (30) years.  *See Thompson v. San Antonio Retail Merchants Ass'n*, 682 F.2d 509 (5th Cir. 1982).

8.     Mixed files occur despite consumers' unique personal identifying information, such as Social Security numbers.

9.     Defendants obtain consumer reports from nationwide consumer reporting agencies, such as Equifax, Experian and Trans Union.

10.     Defendants know, or should know, that CRAs have been known to mix consumer files when consumers' names are similar, but the Social Security numbers do not match.  *See Apodaca v. Discover Fin. Servs.*, 417 F.Supp. 2d 1220 (D.N.M. 2006).

11.     Defendants know, or should know, that in the mid-1990's, the Federal Trade Commission ("FTC") and various state attorney generals' offices, including Alabama, Arkansas, California, Connecticut, Delaware, Florida, Idaho, Illinois, Louisiana, Michigan, Minnesota, Missouri, Nevada, New Hampshire, New Mexico, New York, Ohio, Pennsylvania, Rhode Island, Texas, Utah and Washington charged the nationwide CRAs with violations of the FCRA.  The

government enforcement actions required the CRAs to improve their procedures and prevent mixed files. *See FTC v. TRW, Inc.*, 784 F.Supp. 361 (N.D. Tex. 1991)(amended by N.D. Tex. Jan. 14, 1993)(agreed order amending consent order)[1]; *TRW, Inc. v. Morales*, CV-3-91-1340-H (N.D. Tex. Dec. 10, 1991); *In re Equifax Credit Information Services, Inc.*, (June 22, 1992); *In the Matter of Equifax Credit Information Services, Inc.*, 12 F.T.C. 577 (Aug. 14, 1995); *In the Matter of Equifax Credit Information Services, Inc*., 61 Fed. Reg. 15484 (Apr. 8, 1996); and *Alabama v. Trans Union, Corp.,* CV-92C 7101 (N.D. Ill. Oct. 26, 1992).

12.    Defendants know, or should know, that in 2007, Angela Williams sued Equifax in Florida and alleged the CRA mixed her file with another consumer.  The case was presented to a jury.  The jury entered a verdict in favor of the plaintiff, Angela Williams, for over $2.9 million, including $219,000 in actual damages and $2.7 million in punitive damages.  Since the *Williams* verdict, Equifax has been sued hundreds of times by consumers who alleged Equifax included information in their credit file which belonged to another consumer.

13.    Defendants know, or should know, that over the last five (5) years, Experian's national counsel, Jones Day, represented Experian in over one-hundred

---

[1] Experian is formerly known as TRW.

and forty-six (146) lawsuits where a claim was made that Experian mixed the file of the plaintiff with another consumer.

14.     Defendants know, or should know, that in 2000, Judy Thomas sued Trans Union in Oregon and alleged Trans Union mixed her file with another consumer.  The case was presented to a jury.  The jury entered a verdict in favor of the plaintiff, Judy Thomas, for $5.3 million, including $300,000 in actual damages and $5 million in punitive damages.  Since the *Thomas* verdict, Trans Union has been sued hundreds of times by consumers who alleged Trans Union included information in their credit file which belonged to another consumer.

15.     Despite federal law, Congressional mandates, federal and state government enforcement actions, and hundreds of consumer lawsuits, mixed files remain a significant problem for consumers, including Ms. Harris.

16.     The instant lawsuit seeks compensatory, statutory and punitive damages, costs of suit and attorneys' fees for Plaintiff, resulting from the defendants' failure to comply with the FCRA.

<u>JURISDICTION & VENUE</u>

17.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

18.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b).

19.     Plaintiff is an adult citizen of Alabama and resides within this judicial district.   Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

20.     Defendant RELS Reporting Services, LLC ("RELS"), is a foreign corporation doing business in this judicial district.  RELS is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and a reseller of credit information.

21.     Defendant Kroll Factual Data, Inc. ("Kroll") is a foreign corporation doing business in this judicial district.  Kroll is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and a reseller of credit information.

22.     Defendant CBCInnovis, Inc. ("CBC Innovis") is a foreign corporation doing business in this judicial district.  CBC Innovis is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and a reseller of credit information.

23.     Defendant Innovis Data Solutions, Inc. ("Innovis") is a foreign corporation doing business in this judicial district.  Innovis is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and a reseller of credit information.

24.     Defendant LandSafe Credit, Inc. ("Land Safe") is a foreign corporation doing business in this judicial district.   Land Safe is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and a reseller of credit information.

25.     Defendant CoreLogic Safe Rent, LLC ("Safe Rent") is a foreign corporation doing business in this judicial district.   Safe Rent is a consumer

reporting agency as defined by 15 U.S.C. § 1681a(f) and a reseller of credit information.

26.    Defendant Core Logic Credco, LLC ("Credco") is a foreign corporation doing business in this judicial district.  Credco is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and a reseller of credit information.

27.    RELS, Kroll, CBC Innovis, Innovis, Land Safe, Safe Rent and Credco are referred to collectively to as "Defendants" throughout the complaint.

28.    Defendants regularly engage in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined by 15 U.S.C. §1681a(f) to third parties.

29.    Defendants disburse consumer reports to third parties of contract for monetary compensation.   Defendants sell "consumer reports" concerning individuals who apply for credit, including mortgages.

## FACTUAL ALLEGATIONS

30.    Defendants reported inaccurate information concerning Plaintiff and Plaintiff's credit worthiness to third parties.  Specifically, Defendants reported inaccurate credit and personal identifying concerning Plaintiff to third parties.

31.    Defendants mixed Plaintiff's identity with that of a totally unrelated person.

32.    The inaccurate information negatively affects Plaintiff's credit score.

33.     More generally, the inaccurate information reflects negatively on Plaintiff, her financial responsibility as a debtor and her credit worthiness and inaccurately depicts Plaintiff.

34.     Defendants reported inaccurate information concerning Plaintiff through the issuance of false information in a consumer reports that Defendants disseminated to at least one person, as that term is contemplated by 15 U.S.C. § 1681a(b).

35.     More specifically, in May of 2012, RELS requested and obtained consumer credit and personal information about the Plaintiff from Equifax and Experian.

36.     Equifax and Experian supplied RELS with a consumer report or credit score, or both, concerning Plaintiff.

37.     RELS assembled and merged the information from Equifax and Experian into a consumer report.

38.     RELS sold the report to Wells Fargo in connection with Plaintiff's application for credit.  Prior to RELS' sale of Plaintiff's consumer report to Wells Fargo, RELS did nothing to reconcile inconsistent information from Equifax and Experian.  The report supplied to Wells Fargo contained inaccurate information.

39.     RELS did nothing to investigate the conflicting information received from Equifax and Experian.

40.     RELS failed to assure the maximum accuracy of the consumer report concerning Plaintiff that it supplied to persons.

41.     In May of 2012, Kroll requested and obtained consumer credit and personal information about the Plaintiff from Equifax, Experian and Trans Union.

42.     Equifax, Experian and Trans Union supplied Kroll with a consumer report or credit score, or both, concerning Plaintiff.

43.     Kroll assembled and merged the information from Equifax, Experian and Trans Union into a consumer report.

44.     Kroll sold the report to Susquehanna Bank in connection with Plaintiff's application for credit.   The report supplied to Susquehanna Bank contained inaccurate information.   Prior to Kroll's sale of Plaintiff's consumer report to Susquehanna Bank, Kroll did nothing to reconcile inconsistent information from Equifax, Experian and Trans Union.

45.     Kroll did nothing to investigate the conflicting information received from Equifax, Experian and Trans Union.

46.     Kroll failed to assure the maximum accuracy of the consumer report concerning Plaintiff that it supplied to persons.

47.     In May of 2012, CBC Innovis and Innovis requested and obtained consumer credit and personal information about the Plaintiff from Equifax, Experian and Trans Union.

48.    Equifax, Experian and Trans Union supplied CBC Innovis and Innovis with a consumer report or credit score, or both, concerning Plaintiff.

49.    CBC Innovis and Innovis assembled and merged the information from Equifax, Experian and Trans Union into a consumer report.

50.    CBC Innovis and Innovis sold the report to Credit Union of NJC in connection with Plaintiff's application for credit.   The report supplied to Credit Union of NJC contained inaccurate information.   Prior to CBC Innovis' and Innovis' sale of Plaintiff's consumer report to Credit Union of NJC, CBC Innovis and Innovis did nothing to reconcile inconsistent information from Equifax, Experian and Trans Union.

51.    CBC Innovis did nothing to investigate the conflicting information received from Equifax, Experian and Trans Union.

52.    Innovis did nothing to investigate the conflicting information received from Equifax, Experian and Trans Union.

53.    CBC Innovis and Innovis failed to assure the maximum accuracy of the consumer report concerning Plaintiff that it supplied to persons.

54.    In May of 2012, Land Safe requested and obtained consumer credit and personal information about the Plaintiff from Equifax and Trans Union.

55.    Equifax and Trans Union supplied Land Safe with a consumer report or credit score, or both, concerning Plaintiff.

56.     Land Safe assembled and merged the information from Equifax and Trans Union into a consumer report.

57.     Land Safe sold the report to Bank of America in connection with Plaintiff's application for credit.   The report supplied to Bank of America contained inaccurate information.  Prior to Land Safe's sale of Plaintiff's consumer report to Bank of America, Land Safe did nothing to reconcile inconsistent information from Equifax and Trans Union.

58.     Land Safe did nothing to investigate the conflicting information received from Equifax and Trans Union.

59.     Land Safe failed to assure the maximum accuracy of the consumer report concerning Plaintiff that it supplied to persons.

60.     In May of 2012, Credco requested and obtained consumer credit and personal information about the Plaintiff from Trans Union.

61.     Credco supplied Wells Fargo with a consumer report or credit score, or both, concerning Plaintiff.

62.     Credco assembled and merged the information from Trans Union into a consumer report.

63.     Credco sold the report to Wells Fargo in connection with Plaintiff's application for credit.  The report supplied to Wells Fargo contained inaccurate information.  Prior to Credco's sale of Plaintiff's consumer report to Wells Fargo,

Credco did nothing to determine the accuracy of the information reported by Trans Union.

64.    Credco failed to assure the maximum accuracy of the consumer report concerning Plaintiff that it supplied to persons.

65.    In June 2012, Safe Rent requested and obtained consumer credit and personal information about the Plaintiff from Trans Union.

66.    Trans Union supplied Safe Rent with a consumer report or credit score, or both, concerning Plaintiff.

67.    Safe Rent assembled and merged the information from Trans Union into a consumer report.

68.    Safe Rent sold the report to Creek Village Apartments in connection with Plaintiff's application for credit. The report supplied to Creek Village Apartments contained inaccurate information.   Prior to Safe Rent's sale of Plaintiff's consumer report to Creek Village Apartments, Safe Rent did nothing to determine the accuracy of the information reported by Trans Union.

69.    Safe Rent failed to assure the maximum accuracy of the consumer report concerning Plaintiff that it supplied to persons.

70.    At all times relevant hereto, Defendants acted through their agents, servants and/or employees who were acting within the scope of their employment or agency, or both, and under the direct supervision of the defendants.

71.     Defendants' unlawful conduct proximately caused Plaintiff's actual damages, including but not limited to: harm to credit reputation; lost credit opportunities; reduction in her credit score; unfavorable credit terms; emotional distress, including humiliation and embarrassment.

<u>FIRST CLAIM FOR RELIEF</u>
(against RELS)
(Negligent Non-Compliance with FCRA)

72.     Plaintiff adopts and incorporates the above numbered paragraphs as if fully stated herein.

73.     RELS negligently failed to comply with the requirements of the FCRA, including § 1681e.

74.     As a direct result and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above and, as a result, RELS is liable to Plaintiff for the full amount of actual damages.

75.     Plaintiff requests attorney fees pursuant to § 1681o(a).

<u>SECOND CLAIM FOR RELIEF</u>
(against RELS)
(Willful Noncompliance with FCRA)

76.     Plaintiff adopts and incorporates the above-numbered paragraphs as if fully stated herein.

77.    RELS willfully failed to comply with the requirements of the FCRA, including § 1681e.

78.    As a direct result and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above and, as a result, RELS is liable to Plaintiff for the full amount of actual damages, statutory damages and punitive damages.

79.    Plaintiff requests attorney fees pursuant to § 1681n(a).

<u>THIRD CLAIM FOR RELIEF</u>
(against KROLL)
(Negligent Non-Compliance with FCRA)

80.    Plaintiff adopts and incorporates the above numbered paragraphs as if fully stated herein.

81.    Kroll negligently failed to comply with the requirements of the FCRA, including § 1681e.

82.    As a direct result and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above and, as a result, Kroll is liable to Plaintiff for the full amount of actual damages.

83.    Plaintiff requests attorney fees pursuant to § 1681o(a).

<u>FOURTH CLAIM FOR RELIEF</u>
(against KROLL)
(Willful Noncompliance with FCRA)

84.     Plaintiff adopts and incorporates the above-numbered paragraphs as if fully stated herein.

85.     Kroll willfully failed to comply with the requirements of the FCRA, including § 1681e.

86.     As a direct result and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above and, as a result, Kroll is liable to Plaintiff for the full amount of actual damages, statutory damages and punitive damages.

87.     Plaintiff requests attorney fees pursuant to§1681n(a).

### FIFTH CLAIM FOR RELIEF
(against CBC INNOVIS)
(Negligent Non-Compliance with FCRA)

88.     Plaintiff adopts and incorporates the above numbered paragraphs as if fully stated herein.

89.     CBC Innovis negligently failed to comply with the requirements of the FCRA, including § 1681e.

90.     As a direct result and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above and, as a result, CBC Innovis is liable to Plaintiff for the full amount of actual damages.

91.     Plaintiff requests attorney fees pursuant to § 1681o(a).

## SIXTH CLAIM FOR RELIEF
### (against CBC INNOVIS)
### (Willful Noncompliance with FCRA)

92.     Plaintiff adopts and incorporates the above-numbered paragraphs as if fully stated herein.

93.     CBC Innovis willfully failed to comply with the requirements of the FCRA, including § 1681e.

94.     As a direct result and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above and, as a result, CBC Innovis is liable to Plaintiff for the full amount of actual damages, statutory damages and punitive damages.

95.     Plaintiff requests attorney fees pursuant to § 1681n(a).

## SEVENTH CLAIM FOR RELIEF
### (against INNOVIS)
### (Negligent Non-Compliance with FCRA)

96.     Plaintiff adopts and incorporates the above numbered paragraphs as if fully stated herein.

97.     Innovis negligently failed to comply with the requirements of the FCRA, including § 1681e.

98.     As a direct result and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that are

outlined more fully above and, as a result, Innovis is liable to Plaintiff for the full amount of actual damages.

99.   Plaintiff requests attorney fees pursuant to § 1681o(a).

EIGHTH  SECOND CLAIM FOR RELIEF
(against INNOVIS)
(Willful Noncompliance with FCRA)

100.   Plaintiff adopts and incorporates the above-numbered paragraphs as if fully stated herein.

101.   Innovis willfully failed to comply with the requirements of the FCRA, including § 1681e.

102.   As a direct result and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above and, as a result, Innovis is liable to Plaintiff for the full amount of actual damages, statutory damages and punitive damages.

103.   Plaintiff requests attorney fees pursuant to § 1681n(a).

NINTH CLAIM FOR RELIEF
(against LAND SAFE)
(Negligent Non-Compliance with FCRA)

104.   Plaintiff adopts and incorporates the above numbered paragraphs as if fully stated herein.

105.   Land Safe negligently failed to comply with the requirements of the FCRA, including § 1681e.

106.   As a direct result and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above and, as a result, Land Safe is liable to Plaintiff for the full amount of actual damages.

107.   Plaintiff requests attorney fees pursuant to § 1681o(a).

<u>TENTH CLAIM FOR RELIEF</u>
(against LAND SAFE)
(Willful Noncompliance with FCRA)

108.   Plaintiff adopts and incorporates the above-numbered paragraphs as if fully stated herein.

109.   Land Safe willfully failed to comply with the requirements of the FCRA, including § 1681e.

110.   As a direct result and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above and, as a result, Land Safe is liable to Plaintiff for the full amount of actual damages, statutory damages and punitive damages.

111.   Plaintiff requests attorney fees pursuant to § 1681n(a).

<u>ELEVENTH CLAIM FOR RELIEF</u>
(against CREDCO)
(Negligent Non-Compliance with FCRA)

112.   Plaintiff adopts and incorporates the above numbered paragraphs as if fully stated herein.

113.   Credco negligently failed to comply with the requirements of the FCRA, including § 1681e.

114.   As a direct result and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above and, as a result, Credco is liable to Plaintiff for the full amount of actual damages.

115.   Plaintiff requests attorney fees pursuant to §1681o(a).

## TWELFTH CLAIM FOR RELIEF
(against CREDCO)
(Willful Noncompliance with FCRA)

116.   Plaintiff adopts and incorporates the above-numbered paragraphs as if fully stated herein.

117.   Credco willfully failed to comply with the requirements of the FCRA, including § 1681e.

118.   As a direct result and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above and, as a result, Credco is liable to Plaintiff for the full amount of actual damages, statutory damages and punitive damages.

119.   Plaintiff requests attorney fees pursuant to §1681n(a).

## THIRTEENTH CLAIM FOR RELIEF
(against SAFE RENT)
(Negligent Non-Compliance with FCRA)

120.   Plaintiff adopts and incorporates the above numbered paragraphs as if fully stated herein.

121.   Safe Rent negligently failed to comply with the requirements of the FCRA, including § 1681e.

122.   As a direct result and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above and, as a result, Safe Rent is liable to Plaintiff for the full amount of actual damages.

123.   Plaintiff requests attorney fees pursuant to § 1681o(a).

<u>FOURTEENTH CLAIM FOR RELIEF</u>
(against SAFE RENT)
(Willful Noncompliance with FCRA)

124.   Plaintiff adopts and incorporates the above-numbered paragraphs as if fully stated herein.

125.   Safe Rent willfully failed to comply with the requirements of the FCRA, including § 1681e.

126.   As a direct result and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above and, as a result, Safe Rent is liable to Plaintiff for the full amount of actual damages, statutory damages and punitive damages.

127.   Plaintiff requests attorney fees pursuant to § 1681n(a).

## JURY TRIAL DEMANDED

128.   Plaintiff demands trial by jury on all issues so triable.

## PRAYER

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

On the First Claim for Relief:

1.    Actual damages to be determined by the jury; and

2.    Attorney fees.

On the Second Claim for Relief:

1.    Actual damages to be determined by the jury;

2.    Statutory damages to be determined by the jury;

3.    Punitive damages to be determined by the jury; and

4.    Attorney fees.

On the Third Claim for Relief:

1.  Actual damages to be determined by the jury; and

2.  Attorney fees.

On the Fourth Claim for Relief:

1.    Actual damages to be determined by the jury;

2.    Statutory damages to be determined by the jury;

3.    Punitive damages to be determined by the jury; and

4.    Attorney fees.

On the Fifth Claim for Relief:

1.  Actual damages to be determined by the jury; and

2.  Attorney fees.

On the Sixth Claim for Relief:

1.    Actual damages to be determined by the jury;

2.    Statutory damages to be determined by the jury;

3.    Punitive damages to be determined by the jury; and

4.    Attorney fees.

On the Seventh Claim for Relief:

1.  Actual damages to be determined by the jury; and

2.  Attorney fees.

On the Eighth Claim for Relief:

1.    Actual damages to be determined by the jury;

2.    Statutory damages to be determined by the jury;

3.    Punitive damages to be determined by the jury; and

4.    Attorney fees.

On the Ninth Claim for Relief:

1.  Actual damages to be determined by the jury; and

2.  Attorney fees.

On the Tenth Claim for Relief:

1.    Actual damages to be determined by the jury;

2.    Statutory damages to be determined by the jury;

    3.      Punitive damages to be determined by the jury; and

    4.      Attorney fees.

On the Eleventh Claim for Relief:

    1.  Actual damages to be determined by the jury; and

    2.  Attorney fees.

On the Twelfth Claim for Relief:

    1.      Actual damages to be determined by the jury;

    2.      Statutory damages to be determined by the jury;

    3.      Punitive damages to be determined by the jury; and

    4.      Attorney fees.

On the Thirteenth Claim for Relief:

    1.  Actual damages to be determined by the jury; and

    2.  Attorney fees.

On the Fourteenth Claim for Relief:

    1.      Actual damages to be determined by the jury;

    2.      Statutory damages to be determined by the jury;

    3.      Punitive damages to be determined by the jury; and

    4.      Attorney fees.

On All Claims for Relief:

    1.  Costs and expenses incurred in this action.

Dated this 30th day of April 2014.

Respectfully submitted,

s/ Micah S. Adkins
Micah S. Adkins (ASB-8639-I48A)
BURKE HARVEY, LLC
2151 Highland Avenue, Suite 120
Birmingham, AL  35205
Telephone:  205.747.1907
Facsimile:  205.930.9054
Email:        madkins@burkeharvey.com